KTC:MLM
F.#2007R01362



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MOHAMMAD SHABBIR,

        Defendant.

- - - - - - - - - - - - - - - - - X

AFFIDAVIT IN SUPPORT OF
ARREST WARRANT

(18 U.S.C. § 1015)

EASTERN DISTRICT OF NEW YORK, SS:

       ROBERT MARTEN, being duly sworn, deposes and says that he is a Special Agent with Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such:

       Upon information and belief, on or about July 14, 2006, within the Eastern District of New York and elsewhere, the defendant MOHAMMAD SHABBIR did knowingly and intentionally make a false statement under oath in a case, proceeding and matter relating to, under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens.

       (Title 18, United States Code, Section 1015).

       The source of your deponent's information and the grounds for his belief are as follows:[1/]

---

[1/] Because the purpose of this affidavit is to establish only probable cause to arrest, I have not set forth a description of all the facts and circumstances of which I am aware.

1. I have been a Special Agent with ICE for over ten years. I am currently assigned to the New York Joint Terrorism Task Force. The information contained in this affidavit comes from first-hand knowledge, surveillance, reviews of recorded conversations, my discussions with witnesses involved in the investigation, my discussions with other agents and officers, law enforcement interviews with the defendant and a review of reports and evidence related to this investigation.

2. On or about October 15, 1993, the defendant MOHAMMAD SHABBIR filed a Request for Asylum in the United States with the Immigration and Naturalization Service ("INS"). In that Request for Asylum application, SHABBIR alleged that he needed asylum in the United States because he was a member of the Kashmir Liberation Front ("KLF"), an organization that fought for freedom for the region of Kashmir, located in the border region between Pakistan and India. According to SHABBIR's application, in 1991, because of his political support for the KLF, he was repeatedly imprisoned and tortured. As a result, SHABBIR alleged, he fled Kashmir for Mexico, then entered the United States over the Mexican border on January 3, 1992. SHABBIR claimed that, if he returned to Kashmir, he would be summarily arrested and imprisoned without trial or other legal proceeding. SHABBIR signed the Request for Asylum on October 12, 1993, affirming the facts contained therein under penalty of perjury.

3. In or about February 2001, the defendant MOHAMMAD SHABBIR filed a second Application for Asylum with the INS. In this Application and an attached Sworn Statement, SHABBIR alleged that his nationality, both at birth and at the time of the application, was "Azad Kashmiri," that his race, ethnic or tribal group was "Kashmiri," and that his father was from the Kashmir region and was an activist in the Kashmiri freedom movement. In the section of the Application describing his educational background, SHABBIR claimed that he had attended college in Peshawar, Pakistan. In the Application and the attached Sworn Statement, SHABBIR claimed that he joined the KLF in 1984, participated in political demonstrations, and ultimately was arrested, tortured and incarcerated without cause. SHABBIR alleged that, were he to return to Pakistan, he would be arrested and likely killed. SHABBIR signed the Application for Asylum on or about February 10, 2001 and the attached Sworn Statement on February 13, 2001, in both cases affirming the facts contained therein under penalty of perjury.

4. On or about March 26, 2001, according to a marriage license signed by the defendant, the defendant MOHAMMAD SHABIR married Frances Laurence-Shabbir, a United States Citizen, who lives in Selden, New York.

5. In or about February 2002, the defendant MOHAMMAD SHABBIR filed an Application to Register as a Permanent Resident or Adjust Status with the INS, based on his marriage to United States citizen Laurence-Shabbir. In connection with that

3

application, in August of 2002, MOHAMMAD SHABBIR submitted a sworn affidavit claiming that he only "recently learned" that his prior attorney had asserted that he was a member of the KLF. According to SHABBIR's sworn affidavit, he was "shocked to learn this" and claimed that he signed a blank application, which, he alleged, must have been falsely filled out by his prior attorney. The defendant signed that affidavit before a Notary Public on August 12, 2002.

      6.  In or about July 2006, the defendant MOHAMMAD SHABBIR filed an Application for Naturalization based on his marriage to United States citizen Laurence-Shabbir.  In response to Question 23 of the Application for Naturalization, the defendant averred that he had never "given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion or removal."  In response to Question 24 of the Application for Naturalization, the defendant averred that he had never "lied to any U.S. government official to gain entry or admission in the United States."  SHABBIR signed the Application for Naturalization on or about July 14, 2006, affirming that the Application and the evidence submitted with it were true and correct, under penalty of perjury.  SHABBIR's attorney Mark Drucker of Jackson Heights, New York also signed the Application. According to documents in the ICE file, the Application was mailed from Queens, New York.

.

7.   On or about October 5, 2007, law enforcement agents visited the defendant MOHAMMAD SHABBIR at his home in Centereach, New York.  After being advised of his rights in both English and Urdu, SHABBIR waived those rights and agreed to speak with the agents.  During the subsequent interview, SHABBIR admitted the following: (1) SHABBIR is not Kashmiri and has never visited Kashmir, SHABBIR's father is not from Kashmir, and SHABBIR did not attend college in Peshawar; (2) in 1993, his first attorney had concocted a false Kashmiri asylum story, and SHABBIR had knowingly agreed to submit the asylum application containing that false story; (3) SHABBIR had knowingly resubmitted the false Kashmiri asylum story in his second asylum application; (4) SHABBIR subsequently filed a false affidavit claiming that he was "shocked" to find out about the false Kashmiri asylum story; (5) SHABBIR filed letters claiming to be ill in order to avoid in-person meetings that were false; and (6) SHABBIR admitted that his marriage to Laurence-Shabbir was, in sum and substance, a business transaction and that he provided Laurence-Shabbir $ 5,000 in exchange for helping him stay in the United States.

8.   On or about October 19, 2007, law enforcement agents visited the defendant MOHAMMAD SHABBIR at his home in Centereach, New York.  After being advised of his rights in both English and Urdu, SHABBIR waived those rights and agreed to speak with the agents.  During the subsequent interview, agents showed

5

SHABBIR his July 2006 Application for Naturalization. After reviewing the Application, SHABBIR admitted that his responses to questions 23 and 24 were false. SHABBIR further identified his signature on the form.

WHEREFORE your deponent respectfully requests that defendant MOHAMMAD SHABBIR be dealt with according to law.

_____
ROBERT MARTEN
Special Agent, ICE

Sworn to before me this
7th day of April 2009

)GE
(